COPY

1   Matt Olavi, Esq. (Bar No. 265945)
2     molavi@olavidunne.com
    Brian J. Dunne, Esq. (Bar No. 275689)
3     bdunne@olavidunne.com
4   **OLAVI DUNNE LLP**
    800 Wilshire Blvd., Suite 320
5   Los Angeles, California 90017
    Telephone:  (213) 516-7900
6   Facsimile:  (213) 516-7910

FILED
CLERK, U.S. DISTRICT COURT

AUG 3 0 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

7
8   *Attorneys for Plaintiff Eclipse IP LLC*

9             **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11  ECLIPSE IP LLC, a Florida Limited    )  Case No. CV13- 6371 ABC (JCx)
12  Liability Company,                   )
                                         )  **COMPLAINT FOR PATENT**
13            Plaintiff,                 )  **INFRINGEMENT**
                                         )
14                                       )
       v.                                )  **TRIAL BY JURY DEMANDED**
15                                       )
16  FLYWHEEL SOFTWARE, INC., a           )
    Delaware Corporation,                )
17                                       )
18            Defendant.                 )
                                         )
19                                       )
                                         )
20  _____  )

21
22
23
24
25
26
27
28

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Eclipse IP LLC ("Eclipse"), by and through counsel, complains against Flywheel Software, Inc. ("Flywheel") as follows:

## NATURE OF LAWSUIT

1.     This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq*. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES AND PATENTS

2.     Eclipse is a company organized under the laws of Florida and having a principal place of business at 115 NW 17th St, Delray Beach, Florida 33444.

3.     Eclipse owns all right, title, and interest in and has standing to sue for infringement of United States Patent No. 7,064,681 ("the '681 patent"), entitled "Response systems and methods for notification systems" (Exhibit A); United States Patent No. 7,482,952 ("the '952 patent"), entitled "Response systems and methods for notification systems for modifying future notifications" (Exhibit B); United States Patent No. 7,479,899 ("the '899 patent"), entitled "Notification systems and methods enabling a response to cause connection between a notified PCD and a delivery or pickup representative" (Exhibit C); United States Patent No. 7,479,901 ("the '901 patent"), entitled "Mobile thing determination systems and methods based upon user-device location" (Exhibit D); and United States Patent No. 7,538,691 ("the '691 patent"), entitled "Mobile thing determination systems

1

and methods based upon user-device location" (Exhibit E) (collectively, "the Eclipse Patents").

4.      On information and belief, Flywheel is a corporation existing under the laws of Delaware.

5.      On information and belief, Flywheel does regular business in this Judicial District and conduct leading to Flywheel's acts of infringement has occurred in this Judicial District.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Flywheel because it has engaged in continuous and systematic business in California; upon information and belief, derives substantial revenues from commercial activities in California; and upon information and belief, is operating and/or supporting products or services that fall within one or more claims of Eclipse's patents in this District.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) at least because the claim arises in this Judicial District, Flywheel may be found and transacts business in this Judicial District, and injuries suffered by Plaintiff took place in this Judicial District. Flywheel is subject to the general and specific personal jurisdiction of this Court at least because of its contacts with the State of California.

/ / /

/ / /

## FACTUAL BACKGROUND

8.      On information and belief, Flywheel designs, makes, advertises, and/or distributes a mobile application ("the Flywheel Application") that connects users of the Flywheel Application with drivers of cars for hire ("Flywheel Drivers").

9.      On information and belief, users of the Flywheel Application can use their smartphone or tablet computer ("tablet") to request that a vehicle pick them up from a given location.

10.     On information and belief, when a user opens the Flywheel Application, Flywheel tracks the location of the user's smartphone or tablet and attempts to pinpoint the user on a map.  Flywheel also tracks the location of Flywheel Drivers.  A non-limiting, exemplary image appears below:



///

**COMPLAINT FOR PATENT INFRINGEMENT**

11. On information and belief, when the user of the Flywheel Application selects a pickup location, Flywheel sends a pickup request to the closest available Flywheel Driver. If that Flywheel Driver declines or is non-responsive, Flywheel sends the pickup request to other Flywheel Drivers. When Flywheel receives a response indicating that a Flywheel Driver will accept the fare, Flywheel notifies the user in at least one way. A non-limiting, exemplary image appears below:



12. On information and belief, through the Flywheel Application, Flywheel displays the location of the Flywheel Driver, the pickup location, and the time until the Flywheel Driver's arrival at the pickup location, allowing the user of the Flywheel Application to track the Flywheel Driver's progress.

/ / /

/ / /

**COMPLAINT FOR PATENT INFRINGEMENT**

13.     On information and belief, through the Flywheel Application,

Flywheel allows the user to communicate with the driver or cancel the trip.  Non-

limiting, exemplary images appear below:

 

14.     On information and belief, Flywheel also notifies the user of the

Flywheel Application in at least one way when the Flywheel Driver is arriving at

the indicated pickup location.  A non-limiting, exemplary image appears below:



/ / /

5

**COMPLAINT FOR PATENT INFRINGEMENT**

# FLYWHEEL'S ACTS OF PATENT INFRINGEMENT

15.     Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 14 above as if fully set forth herein.

16.     Flywheel owns, uses, deploys, and/or operates at least one service and/or system for booking a taxi electronically.

17.     The at least one service and/or system allows users of a smartphone or tablet to request a taxi to pick them up.

18.     To implement the at least one service and/or system, Flywheel created and/or developed at least one smartphone application – the Flywheel Application – which plays a material role in the at least one car booking service and/or system.

19.     The Flywheel Application is available on several different platforms, including but not limited to on smartphones and tablets running versions of Apple Inc.'s iOS platform and Google, Inc.'s Android platform.

20.     Among other things, the Flywheel Application allow users to schedule or arrange a pickup on their smartphone or tablet, and track the status of the vehicle on a map.

21.     Among other things, Flywheel tracks the location of the user's smartphone or tablet, tracks the location of a smartphone being used by each Flywheel Driver, distributes requests for pickups received from users of the Flywheel Application, receives responses from at least one Flywheel Driver, and notifies the user when their vehicle is arriving at the pickup location.

**COMPLAINT FOR PATENT INFRINGEMENT**

1

## CLAIMS FOR RELIEF

2

### COUNT 1
(Patent Infringement of U.S. Patent No. 7,064,681
Under 35 U.S.C. § 271 *et seq.*)

3

4

5    22.    Eclipse reiterates and reincorporates the allegations set forth in

6    paragraphs 1 through 21 above as if fully set forth herein.

7

8    23.    On June 20, 2006, the United States Patent and Trademark Office

9    duly and legally issued United States Patent No. 7,064,681, entitled "Response

10   systems and methods for notification systems."  Eclipse is the owner of the entire

11

12   right, title and interest in and to the '681 patent.  A true and correct copy of the '681

13   patent is attached as Exhibit A to this Complaint.

14   24.    The '681 patent is valid and enforceable.

15

16   25.    Eclipse is informed and believes, and thereupon alleges, that:

17   (1) Flywheel has infringed and continues to infringe one or more claims of the '681

18

19   patent, literally and/or under the doctrine of equivalents and additionally and/or in

20   the alternative, (2) Flywheel has actively induced and continues to actively induce

21   and/or has contributed to and continues to contribute to the infringement of one or

22

23   more claims of the '681 patent in this District and elsewhere in the United States.

24   26.    On information and belief, Flywheel has directly infringed and

25   continues to directly infringe one or more claims of the '681 patent, in violation of

26

27   35 U.S.C. § 271(a), by, among other things, making, using, offering for sale,

28   and/or selling a method for communication in connection with a computer-based

7

**COMPLAINT FOR PATENT INFRINGEMENT**

notification system to, for example: notify a Flywheel Driver of a requested

pickup; receive a response indicating whether or not the Flywheel Driver will

perform the pickup; if the Flywheel Driver will perform the pickup, refrain from

sending additional notifications to the Flywheel Driver until detection of one or

more events indicating that the user's trip is complete; and if the Flywheel Driver

will not pickup the user, notify another Flywheel Driver in order to request

assistance in picking up the user.

27.     Additionally and/or in the alternative, on information and belief,

Flywheel has actively induced and continues to actively induce and/or has

contributed to and continues to contribute to the infringement of one or more

claims of the '681 patent, in violation of 35 U.S.C. § 271(b) and/or (c), by, among

other things, actively, knowingly, and intentionally encouraging, aiding, and/or

abetting others to make, use, offer for sale, and/or sell portions of a computer-

based notification system that infringes one or more claims of the '681 patent, with

the specific intent to encourage infringement and with the knowledge that the

making, using, offering to sell, and/or selling of such a system would constitute

infringement.

28.     On information and belief, Flywheel has had knowledge of the '681

patent at least as early as the filing of this Complaint.  Additionally, at least as

early as the filing of this Complaint, Flywheel knew or should have known that its

continued offering, use, deployment, and/or operation of the at least one service

and/or system for booking a taxi electronically and its continued support of others, if those parties perform any limitations of one or more of the claims of the '681 patent, would induce direct infringement of the '681 patent.

29.     On information and belief, Flywheel's aforesaid infringing activity has been done with knowledge and willful disregard of Eclipse's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

30.     Flywheel's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

## COUNT 2
### (Patent Infringement of U.S. Patent No. 7,482,952
### Under 35 U.S.C. § 271 *et seq.*)

31.     Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 30 above as if fully set forth herein.

32.     On January 27, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,482,952, entitled "Response systems and methods for notification systems for modifying future notifications." Eclipse is the owner of the entire right, title and interest in and to the '952 patent. A true and correct copy of the '952 patent is attached as Exhibit B to this Complaint.

9
**COMPLAINT FOR PATENT INFRINGEMENT**

33.     The '952 patent is valid and enforceable.

34.     Eclipse is informed and believes, and thereupon alleges, that: (1) Flywheel has infringed and continues to infringe one or more claims of the '952 patent, literally and/or under the doctrine of equivalents and additionally and/or in the alternative, (2) Flywheel has actively induced and continues to actively induce and/or has contributed to and continues to contribute to the infringement of one or more claims of the '952 patent in this District and elsewhere in the United States.

35.     On information and belief, Flywheel has directly infringed and continues to directly infringe one or more claims of the '952 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling a method for a computer-based notification system to, for example: schedule a time for a taxi to arrive at a pickup location; schedule a notification communication when the taxi arrives; determine a change in the schedule of the taxi; notify the user of the change in schedule; and allow the user to cancel the later-scheduled notification.

36.     Additionally and/or in the alternative, on information and belief, Flywheel has actively induced and continues to actively induce and/or has contributed to and continues to contribute to the infringement of one or more claims of the '952 patent, in violation of 35 U.S.C. § 271(b) and/or (c), by, among other things, actively, knowingly, and intentionally encouraging, aiding, and/or abetting others to make, use, offer for sale, and/or sell portions of a computer-

based notification system that infringes one or more claims of the '952 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement.

37.     On information and belief, Flywheel has had knowledge of the '952 patent at least as early as the filing of this Complaint.  Additionally, at least as early as the filing of this Complaint, Flywheel knew or should have known that its continued offering, use, deployment, and/or operation of the at least one service and/or system for booking a taxi electronically and its continued support of others, if those parties perform any limitations of one or more of the claims of the '952 patent, would induce direct infringement of the '952 patent.

38.     On information and belief, Flywheel's aforesaid infringing activity has been done with knowledge and willful disregard of Eclipse's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

39.     Flywheel's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

/ / /

/ / /

**COUNT 3**
(Patent Infringement of U.S. Patent No. 7,479,899
Under 35 U.S.C. § 271 *et seq.*)

40.     Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 39 above as if fully set forth herein.

41.     On January 20, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,479,899, entitled "Notification systems and methods enabling a response to cause connection between a notified PCD and a delivery or pickup representative." Eclipse is the owner of the entire right, title and interest in and to the '899 patent. A true and correct copy of the '899 patent is attached as Exhibit C to this Complaint.

42.     The '899 patent is valid and enforceable.

43.     Eclipse is informed and believes, and thereupon alleges, that: (1) Flywheel has infringed and continues to infringe one or more claims of the '899 patent, literally and/or under the doctrine of equivalents and additionally and/or in the alternative, (2) Flywheel has actively induced and continues to actively induce and/or has contributed to and continues to contribute to the infringement of one or more claims of the '899 patent in this District and elsewhere in the United States.

44.     On information and belief, Flywheel has directly infringed and continues to directly infringe one or more claims of the '899 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling a method for an automated notification system to, for example:

12
**COMPLAINT FOR PATENT INFRINGEMENT**

monitor the location of a Flywheel user; notify the user when the taxi is approaching the pickup location; and enable the user to communicate with the Flywheel Driver.

45.   Additionally and/or in the alternative, on information and belief, Flywheel has actively induced and continues to actively induce and/or has contributed to and continues to contribute to the infringement of one or more claims of the '899 patent, in violation of 35 U.S.C. § 271(b) and/or (c), by, among other things, actively, knowingly, and intentionally encouraging, aiding, and/or abetting others to make, use, offer for sale, and/or sell portions of an automated notification system that infringes one or more claims of the '899 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement.

46.   On information and belief, Flywheel has had knowledge of the '899 patent at least as early as the filing of this Complaint.  Additionally, at least as early as the filing of this Complaint, Flywheel knew or should have known that its continued offering, use, deployment, and/or operation of the at least one service and/or system for booking a taxi electronically and its continued support of others, if those parties perform any limitations of one or more of the claims of the '899 patent, would induce direct infringement of the '899 patent.

/ / /

13

**COMPLAINT FOR PATENT INFRINGEMENT**

47.     On information and belief, Flywheel's aforesaid infringing activity has been done with knowledge and willful disregard of Eclipse's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

48.     Flywheel's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

## COUNT 4
### (Patent Infringement of U.S. Patent No. 7,479,901
### Under 35 U.S.C. § 271 *et seq.*)

49.     Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 48 above as if fully set forth herein.

50.     On January 20, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,479,901, entitled "Mobile thing determination systems and methods based upon user-device location." Eclipse is the owner of the entire right, title and interest in and to the '901 patent. A true and correct copy of the '901 patent is attached as Exhibit D to this Complaint.

51.     The '901 patent is valid and enforceable.

52.     Eclipse is informed and believes, and thereupon alleges, that: (1) Flywheel has infringed and continues to infringe one or more claims of the '901 patent, literally and/or under the doctrine of equivalents and additionally and/or in

14
**COMPLAINT FOR PATENT INFRINGEMENT**

1   the alternative, (2) Flywheel has actively induced and continues to actively induce

2   and/or has contributed to and continues to contribute to the infringement of one or

3
4   more claims of the '901 patent in this District and elsewhere in the United States.

5       53.    On information and belief, Flywheel has directly infringed and

6
7   continues to directly infringe one or more claims of the '901 patent, in violation of

8   35 U.S.C. § 271(a), by, among other things, making, using, offering for sale,

9   and/or selling a method for a notification system to, for example: monitor the

10
11  user's location; receive a request for a pickup; notify a Flywheel Driver of the

12  requested pickup; receive a response from the Flywheel Driver; and communicate

13  the response to the user.

14      54.    Additionally and/or in the alternative, on information and belief,

15
16  Flywheel has actively induced and continues to actively induce and/or has

17  contributed to and continues to contribute to the infringement of one or more

18  claims of the '901 patent, in violation of 35 U.S.C. § 271(b) and/or (c), by, among

19
20  other things, actively, knowingly, and intentionally encouraging, aiding, and/or

21  abetting others to make, use, offer for sale, and/or sell portions of a notification

22  system that infringes one or more claims of the '901 patent, with the specific intent

23
24  to encourage infringement and with the knowledge that the making, using, offering

25  to sell, and/or selling of such a system would constitute infringement.

26      55.    On information and belief, Flywheel has had knowledge of the '901

27  patent at least as early as the filing of this Complaint. Additionally, at least as

28

early as the filing of this Complaint, Flywheel knew or should have known that its continued offering, use, deployment, and/or operation of the at least one service and/or system for booking a taxi electronically and its continued support of others, if those parties perform any limitations of one or more of the claims of the '901 patent, would induce direct infringement of the '901 patent.

56.   On information and belief, Flywheel's aforesaid infringing activity has been done with knowledge and willful disregard of Eclipse's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

57.   Flywheel's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

### COUNT 5
### (Patent Infringement of U.S. Patent No. 7,538,691 Under 35 U.S.C. § 271 *et seq.*)

58.   Eclipse reiterates and reincorporates the allegations set forth in paragraphs 1 through 57 above as if fully set forth herein.

59.   On May 26, 2009, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,538,691, entitled "Mobile thing determination systems and methods based upon user-device location." Eclipse is

16
**COMPLAINT FOR PATENT INFRINGEMENT**

the owner of the entire right, title and interest in and to the '691 patent.  A true and correct copy of the '691 patent is attached as Exhibit E to this Complaint.

60.     The '691 patent is valid and enforceable.

61.     Eclipse is informed and believes, and thereupon alleges, that: (1) Flywheel has infringed and continues to infringe one or more claims of the '691 patent, literally and/or under the doctrine of equivalents and additionally and/or in the alternative, (2) Flywheel has actively induced and continues to actively induce and/or has contributed to and continues to contribute to the infringement of one or more claims of the '691 patent in this District and elsewhere in the United States.

62.     On information and belief, Flywheel has directly infringed and continues to directly infringe one or more claims of the '691 patent, in violation of 35 U.S.C. § 271(a), by, among other things, making, using, offering for sale, and/or selling a method for implementation in connection with a computer-based notification system to, for example: determine the user's location; identify a pickup location; and notify the user when the taxi is approaching the pickup location.

63.     Additionally and/or in the alternative, on information and belief, Flywheel has actively induced and continues to actively induce and/or has contributed to and continues to contribute to the infringement of one or more claims of the '691 patent, in violation of 35 U.S.C. § 271(b) and/or (c), by, among other things, actively, knowingly, and intentionally encouraging, aiding, and/or abetting others to make, use, offer for sale, and/or sell portions of a computer-

17

**COMPLAINT FOR PATENT INFRINGEMENT**

based notification system that infringes one or more claims of the '691 patent, with the specific intent to encourage infringement and with the knowledge that the making, using, offering to sell, and/or selling of such a system would constitute infringement.

64.     On information and belief, Flywheel has had knowledge of the '691 patent at least as early as the filing of this Complaint.  Additionally, at least as early as the filing of this Complaint, Flywheel knew or should have known that its continued offering, use, deployment, and/or operation of the at least one service and/or system for booking a taxi electronically and its continued support of others, if those parties perform any limitations of one or more of the claims of the '691 patent, would induce direct infringement of the '691 patent.

65.     On information and belief, Flywheel's aforesaid infringing activity has been done with knowledge and willful disregard of Eclipse's patent rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

66.     Flywheel's aforesaid infringing activity has directly and proximately caused damage to Plaintiff Eclipse, including loss of profits from sales and/or licensing revenues it would have made but for the infringements. Unless enjoined, the aforesaid infringing activity will continue and cause irreparable injury to Eclipse for which there is no adequate remedy at law.

/ / /

/ / /

**COMPLAINT FOR PATENT INFRINGEMENT**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Eclipse asks this Court to enter judgment against Flywheel and against each of Flywheel's respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

1.      A judgment that Flywheel has infringed each and every one of the Eclipse Patents;

2.      A permanent injunction against Flywheel, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from direct and indirect infringement of each and every one of the Eclipse Patents;

3.      An award of damages adequate to compensate Eclipse for the infringement that has occurred, together with prejudgment interest from the date infringement of the Eclipse Patents began;

4.      A reasonable royalty for Flywheel's use of Eclipse's patented technology, as alleged herein;

5.      An award to Eclipse of all remedies available under 35 U.S.C. §§ 284 and 285, including enhanced damages up to and including trebling of Eclipse's damages for Flywheel's willful infringement, and reasonable attorneys' fees and costs; and

**COMPLAINT FOR PATENT INFRINGEMENT**

1    6.    Such other and further relief as this Court or a jury may deem proper

2  and just.

3

4

5  DATED:  August 30, 2013          OLAVI DUNNE LLP

6

7                                   By: _____

8

9                                      Matt Olavi

10                                     Brian J. Dunne
                                       *Attorneys  for Plaintiff*
11                                     *Eclipse IP LLC*

12

13

14                              **JURY DEMAND**

15

16    Eclipse demands a trial by jury on all issues so triable pursuant to Federal

17  Rule of Civil Procedure 38.

18

19

20  DATED:  August 30, 2013          OLAVI DUNNE LLP

21

22                                   By: _____

23

24                                     Matt Olavi

25                                     Brian J. Dunne
                                       *Attorneys  for Plaintiff*
26                                     *Eclipse IP LLC*

27

28

**COMPLAINT FOR PATENT INFRINGEMENT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Audrey B. Collins _____ and the assigned Magistrate Judge is _____ Jacqueline Chooljian _____ .

The case number on all documents filed with the Court should read as follows:

## CV13-6371-ABC(JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

August 30, 2013
Date

By  C. Sawyer
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

[x] Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

[ ] Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

Name & Address:
Matt Olavi (SBN 265945)
Brian J. Dunne (SBN 275689)
OLAVI DUNNE LLP
800 Wilshire Blvd, Suite 320
Los Angeles, CA, 90017

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ECLIPSE IP LLC, a Florida Limited Liability Company | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV13- 6371** ABC (JCx) |
| v. | |
| FLYWHEEL SOFTWARE, INC., a Delaware Corporation | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Matt Olavi_____, whose address is _Olavi Dunne LLP, 800 Wilshire Blvd, Suite 320, Los Angeles, CA, 90017_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: __8 - 3d - 13__

Clerk, U.S. District Court

By: _____
Deputy Clerk

(Seal of the Court)
1149

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

COPY

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| ECLIPSE IP LLC, a Florida Limited Liability Company | FLYWHEEL SOFTWARE, INC., a Delaware Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Matt Olavi (SBN 265945), Brian J. Dunne (SBN 275689) Olavi Dunne LLP 800 Wilshire Blvd, Suite 320, Los Angeles, CA, 90017 Telephone: 213-516-7900; Facsimile: 213-516-7910 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§1331 and 1338(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☒ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: CV13- 6371

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Eclipse IP LLC - Palm Beach County, Florida |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Flywheel Software, Inc. - Los Angeles |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

*****Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Olavi_   DATE: August 30, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |